UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JULIA C., | )<br>) |
| Plaintiff | )<br>)<br>) |
| v. | )    Civil No. 2:18-cv-334-DBH<br>) |
| ANDREW M. SAUL, Commissioner,<br>Social Security Administration, | )<br>)<br>)<br>) |
| Defendant | ) |

## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On August 16, 2019, the United States Magistrate Judge filed with the court, with copies to counsel, his Report and Recommended Decision. The plaintiff filed an objection to the Recommended Decision on August 30, 2019. Oral argument was held on October 15, 2019. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision and determine that no further proceeding is necessary.

I add the following elaboration based upon issues the plaintiff first raised at oral argument on October 15, 2019.

The plaintiff's lawyer argued orally that the Magistrate Judge should not have relied on the Program Operations Manual System (POMS) standard for

evaluating IQ tests administered to minors,[1] because the Administrative Law Judge had not cited POMS in her assessment of the tests.  Counsel claimed that relying on POMS violated the Chenery doctrine, SEC v. Chenery Corp., 318 U.S. 80 (1943), characterized in SEC v. Chenery Corp., 332 U.S. 194, 196 (1947), as "a simple but fundamental rule of administrative law . . . to the effect that a reviewing court . . . must judge the propriety of [an administrative agency] action solely by the grounds invoked by the agency."  Counsel did not raise this issue in his written Objection to the Report and Recommended Decision (ECF No. 20).  Moreover, the Administrative Law Judge implicitly used the POMS standard for evaluating IQ tests, referring twice (in discounting the plaintiff's tests) to the fact that all the tests in question were administered before the plaintiff was 16.  ALJ Decision p. 21 (in one instance, underlining "prior to age 16") (ECF No. 7-2).  Thus, this is not a case like Chenery where the agency reversed course in its justification.  I reject the Chenery argument.

At oral argument the plaintiff's lawyer also challenged the nature of a question that the Administrative Law Judge posed to the Commissioner's vocational expert having to do with special education.[2]  The Magistrate Judge did not refer to that question and answer in his decision, and the plaintiff did

---

[1] "In determining whether IQ test results are sufficiently current to permit disability evaluation," IQ scores of 40 or above that were obtained from age 7 until attainment of age 16 "may be considered . . . [c]urrent for 2 years."  POMS DI 24515.055(D)(1).  As the Magistrate Judge noted, the POMS was revised on July 19, 2019.  The information regarding current IQ scores is now found at POMS DI 24583.055(I)(7) and POMS DI 24583.060(C)(1).

[2] "ALJ:  Okay.  Ms. [McCarron], in your professional experience would you ever not refer somebody to a job as a dishwasher, a floor cleaner, or a sandwich maker because they were in special ed in school?"  Hr'g Tr. p. 88 (ECF No. 7-2).

not challenge the omission in the written Objection to the Report and Recommended Decision. (Counsel did raise it in the initial Itemized Statement of Errors pp. 10-11 (ECF No. 11), before the Magistrate Judge conducted a hearing.) Regardless of whether the question and answer are defective, any such defect is not a ground for overturning the ALJ's decision. As the plaintiff's Itemized Statement of Errors itself recognizes, that was one of *five* reasons the ALJ gave for rejecting the plaintiff's own expert's later submitted affidavit. Pl.'s Itemized Statement of Errors pp. 8-11. Another reason—the insufficiency of the IQ scores, generated when the plaintiff was 15, to establish a medically determinable impairment of borderline intellectual functioning—is enough, and I have affirmed the Magistrate Judge's treatment of that issue.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. The Commissioner's decision is **AFFIRMED**.

**SO ORDERED.**

**DATED THIS 17TH DAY OF OCTOBER, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**